# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CIVIL ACTION |
| MARYLEE BLANCHARD MAHER | No. 12-2718 |
| | SECTION "E" |

## ORDER AND REASONS

Before the Court is an appeal of an order of the U.S. Bankruptcy Court for the Eastern District of Louisiana filed by appellant Marylee Blanchard Maher ("the debtor"). Appellant filed a brief in support of her arguments.[1] S.J Beaulieu, Jr. ("the trustee") did not file a response. For the following reasons, the order of the bankruptcy court is **REVERSED**, the debtor's Chapter 13 petition for bankruptcy is reinstated, and this matter is **REMANDED** to the bankruptcy court for further proceedings.

## BACKGROUND

The debtor filed a pro se Chapter 13 petition for bankruptcy on November 29, 2011.[2] Maher eventually retained counsel on January 9, 2012.[3] Debtor filed her Chapter 13 Plan on February 5, 2012.[4] The trustee filed a Notice of Deficiency in regard to the debtor's plan, based upon the debtor's failure to provide a tax return for 2010.[5] The Notice of Deficiency stated that the debtor had failed the liquidation test and failed to certify that she had filed

---

[1] 11-bk-13895, R. Doc. 3.

[2] 11-bk-13895, R. Doc. 1.

[3] 11-bk-13895, R. Doc. 20.

[4] 11-bk-13895, R. Doc. 41.

[5] 11-bk-13895, R. Doc. 50.

all tax returns for the previous four years.[6] The Notice of Deficiency also required debtor to provide the tax return at least seven days before the Meeting of Creditors to prevent the trustee from filing a motion to dismiss.[7] Additionally, the trustee filed an amended objection to confirmation based upon the debtor's failure to provide proof that she filed a tax return in 2009 and because the plan was not feasible.[8] Secured creditor JP Morgan also filed an objection.[9] Following a confirmation hearing on September 11, 2012, the bankruptcy court denied confirmation of the debtor's Chapter 13 plan. The bankruptcy court also dismissed the debtor's case with prejudice *sua sponte*, and prohibited the debtor from re-filing for six months.[10] The bankruptcy court further ordered that the trustee disburse any funds on hand to the debtor's unsecured creditors and to the trustee for administrative fees.[11]

On appeal, the debtor argues that the bankruptcy court erred in dismissing her Chapter 13 case with prejudice because she was not afforded notice and an opportunity to be heard as required by the Bankruptcy Code and due process. The debtor also asserts that the bankruptcy court erred in authorizing the trustee to disburse funds to unsecured creditors after denying confirmation of her Chapter 13 plan.

## STANDARD OF REVIEW AND JURISDICTION

---

[6]11-bk-13895, R. Doc. 50.

[7]11-bk-13895, R. Doc. 50.

[8]11-bk-13895, R. Doc. 77.

[9]11-bk-13895, R. Doc. 44.

[10]11-bk-13895, R. Doc. 80.

[11]11-bk-13895, R. Doc. 80.

This Court has jurisdiction to hear the debtor's appeal pursuant to 28 U.S.C. § 158(a)(1), which authorizes appellate review of final orders, judgments and decrees of a U.S. Bankruptcy Court entered under 28 U.S.C. § 157. Further, this court reviews factual findings for clear error and conclusions of law *de novo. In re Martinez*, 564 F.3d 719, 726 (5th Cir. 2009).

## LAW AND ANALYSIS

Under Section 1308 of the Bankruptcy Code, the debtor is required to file all tax returns during the four year period before the filing of the bankruptcy petition. 11 U.S.C. § 1308(a). Upon the failure of the debtor to file a tax return under Section 1308, a party in interest may request that a debtor's case be dismissed after notice and a hearing. 11 U.S.C. § 1307(e). In addition, Section 105, as amended in 1986, allows a court to dismiss a case *sua sponte* in order to enforce the provisions of the Bankruptcy Code, even if the provision calls for the issue to be raised by a party. 11 U.S.C. § 105(a). ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determinations necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.")However, Section 105 does not obviate the requirement of notice and an opportunity to be heard. *In re Minkes*, 237 B.R. 476, 478 n. 2 (8th Cir. 1999). Even though the bankruptcy court has general powers to dismiss under Section 105, procedural due process requires notice and an opportunity for the debtor to be heard on the issue. *In re Tennant*, 318 B.R. 860, 870 (9th Cir. 2004).

It is uncontested that debtor failed to provide the required tax returns under Section

1308. The bankruptcy court had grounds to dismiss debtor's case for failure to file tax returns under Sections 105 and 1308. However, debtor argues on appeal that she was not afforded notice and an opportunity to be heard as required under Section 1308 before her case was dismissed. Under Section 102, "notice and a hearing" means "after such notice as is appropriate under the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances." 11 U.S.C. § 102(1)(A). The concept of notice and a hearing is flexible and depends upon the circumstances. *In re Tennant*, 318 B.R. at 870. The record reflects that the trustee filed a Notice of Deficiency[12] highlighting the debtor's failure to provide her tax return, as well as the unfeasible nature debtor's Chapter 13 plan.[13] The debtor was served with the Notice of Deficiency. Therefore, debtor clearly had notice of the problems with her Chapter 13 plan before the confirmation hearing on September 11, 2012. However, the record does not reflect the debtor was provided notice and an opportunity to be heard regarding the dismissal of her case.

After the September 11, 2012 hearing, the bankruptcy court dismissed debtor's case with prejudice, preventing debtor from re-filing for six months. Prior to the hearing, the trustee did not move to dismiss the debtor's case, nor did the bankruptcy court issue a show cause order to put the debtor on notice that she had to show cause why her case should not be dismissed with prejudice or it would be. Although the debtor may have had notice that her Chapter 13 plan was deficient, she did not have notice that her entire case was about to be dismissed with prejudice. Accordingly, the bankruptcy court did not meet the due process requirements of notice and an opportunity to be heard before dismissing the

---

[12] 11-bk-13895, R. Doc. 50. Trustee's Notice of Deficiency was filed on March 6, 2012.

[13] 11-bk-13895, R. Doc. 77. Trustee's Objection filed on September 4, 2012.

debtor's case with prejudice *sua sponte*. Further, the bankruptcy court did not explain its justification for dismissing the debtor's case with prejudice without providing notice to the debtor and an opportunity to be heard. If the debtor has not, or does not comply with the Chapter 13 requirements, upon notice and an opportunity for a hearing, the bankruptcy court may dismiss her case.

## CONCLUSION

Accordingly, **IT IS ORDERED** that the order of the U.S. Bankruptcy Court of the Eastern District of Louisiana dismissing the debtor's case with prejudice is **REVERSED**. **IT IS FURTHER ORDERED** that the order of the U.S. Bankruptcy Court disbursing funds to unsecured creditors is also **REVERSED** because it was based upon the dismissal of the debtor's case. This matter is **REMANDED** to the U.S. Bankruptcy Court for the Eastern District of Louisiana for further proceedings.

New Orleans, Louisiana, this  23rd  day of September, 2013.

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**